UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SHARON MARIE GREGG,**

    **Plaintiff,**

v.                 Case No. 6:18-cv-1498-Orl-GJK

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**
_____/

## ORDER

Sharon Marie Gregg (the "Claimant"), appeals from a final decision of the Commissioner of Social Security (the "Commissioner"), denying her application for disability and Supplemental Security Income benefits. Doc. Nos. 1, 20. Claimant alleges an amended disability onset date of February 6, 2013. R. 193, 200, 218. Claimant argues that the decision should be reversed because the Administrative Law Judge ("ALJ") failed to consider and weigh the opinion of Kathleen Menocal, M.S., M.S.W., L.C.S.W. Doc. No. 20 at 16. For the reasons stated below, the ALJ's final decision is **AFFIRMED.**

## STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g) (2010). Substantial evidence is more than a scintilla–i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would

1

have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

I. **ANALYSIS**

At Step Two, the ALJ found that Claimant had the following severe impairments: affective disorder, anxiety disorder, hypertension, and left metatarsal fracture. R. 18. The ALJ found that Claimant had moderate limitations in: understanding, remembering, or applying information; interacting with others; concentrating, persisting and maintaining pace; and adapting and managing oneself. R. 18-19. After considering all the evidence, including opinion evidence, the ALJ found that Claimant's RFC was light work "except work should be simple, unskilled and repetitive. Contact with coworkers and the general public must be brief and superficial and also only occasional." R. 19.

Claimant argues that the ALJ failed to consider and weigh the opinion of Kathleen Menocal, a licensed clinical social worker who treated her. Doc. No. 20 at 17. Ms. Menocal treated Claimant on four occasions prior to her date last insured, and treated her a total of 13 times through 2017. Doc. No. 20 at 17. On September 24, 2014, June 14, 2016, and March 31, 2017, Ms. Menocal opined that Claimant "more than qualifies for Social Security Disability due to her long-standing, chronic and disabling mental, emotional, and nervous disability and mood disorder.

She is not able to work part-time or full-time in any capacity." R. 372, 398, 498. Claimant acknowledges that Ms. Menocal is not an acceptable medical source pursuant to 20 C.F.R. § 404.1502. Doc. No. 20 at 17. However, Claimant argues that the ALJ had to consider and weigh her medical source opinions as required by 20 C.F.R. § 404.1527(f) and his failure to do so requires reversal. The Commissioner argues that the ALJ considered Ms. Menocal's treatment records and the ALJ's failure to weigh her opinion was harmless error. Doc. No. 20 at 19-21.

A medical opinion is a statement "from acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including . . symptoms, diagnosis and prognosis" and what a claimant can still do despite any impairments and any related physical and mental restrictions that might apply. 20 C.F.R. § 404.1527(a)(1). ALJs are required to evaluate and weigh all medical opinions. *Id.* § 1527(c). However, medical opinions on issues reserved to the Commissioner such as an opinion a claimant is disabled are not proper. *Id.* § 1527(d)(1) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled.")

A licensed clinical social worker is not an "acceptable medical source," but can provide a medical opinion as to the severity of a claimant's impairments and how they affect a claimant's ability to work. *Anteau v. Comm'r of Soc. Sec.*, 708 F. App'x 611, 613 (11th Cir. 2017); § 1527(f)(1). While an ALJ must consider such an opinion, the ALJ is not required to give it any specific weight. *See Anteau*, 708 F. App'x at 613. An ALJ "generally should explain the weight given to opinions from these sources or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." *Id.* § 1527(f)(2).

The ALJ states that he "considered opinion evidence in accordance with the requirements

of 20 C.F.R. § 404.1527." R. 19. The ALJ noted that Ms. Menocal saw Claimant for four outpatient visits to help cope with anxiety and depression as well as increase in agitation, anger and irritability from June 2014 to July 2014. R. 22. The ALJ reviewed and detailed Ms. Menocal's treatment notes during those sessions, including the session in July 2014 when Claimant reported feeling better and sleeping better at night. R. 22. Similarly, the ALJ addressed additional care with Ms. Menocal in 2015, after Claimant's date last insured, which again reflected Claimant was starting to feel better and was sleeping better at night. R. 24 (citing R. 498).

The ALJ did not weigh Ms. Menocal's opinion that Claimant was not able to work part-time or full-time. The ALJ did not weigh Ms. Menocal's opinion that Claimant "more than qualifies for Social Security Disability due to her long-standing, chronic and disabling mental, emotional, and nervous disability and mood disorder." However, the ALJ stated that he had considered opinion evidence as required by the regulations. R. 19. The ALJ discussed Claimant's treatment with Ms. Menocal, indicating he considered her records, including the records that contained Ms. Menocal's opinion. R. 22, 24. The Court finds that the ALJ's discussion of Ms. Menocal's treatment sessions is sufficient to follow the ALJ's reasoning without a specific weight ascribed to Ms. Menocal's opinion.

More to the point, Ms. Menocal's opinion addresses ultimate issues reserved to the Commissioner. *Gregory v. Comm'r of Soc. Sec.*, No. 8:16-cv-1471, 2017 WL 4325397, at *10 (M.D. Fla. Sept. 29, 2017) (opinion that Plaintiff was "totally disabled" was entitled to no weight as it was an opinion on an issue reserved to the Commissioner); *Campbell v. Comm'r of Soc. Sec.*, No. 3:18-cv-755, 2019 WL 2865533, at *5 (M.D. Fla. Jul. 3, 2019) (opinion claimant was "unable to work" not entitled to any deference as it addressed issue reserved to Commissioner). Thus, even if the ALJ had weighed Ms. Menocal's opinion, the result would not have contradicted the ALJ's

ultimate findings. *Denomme v. Comm'r Soc. Sec.*, 518 F. App'x 875, 878 (11th Cir. 2013) (where "an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand."); *Provost v. Comm'r of Soc. Sec.*, 2019 WL 2744554, at *2 (M.D. Fla. Jul. 1, 2019) (finding that failure to weigh an assumed medical opinion of a treating physician on an ultimate issue reserved to the Commissioner was harmless error). As such, the ALJ's failure to weigh Ms. Menocal's opinion under these circumstances is, at most, harmless error.

## II. CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and

2. The Clerk is directed to enter judgment for the Commissioner and close the case.

**DONE AND ORDERED** in Orlando, Florida, on November 12, 2019.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

James W. Keeter, Esq.
Post Office Box 196400
Winter Springs, Florida 32719-6400

Maria Chapa Lopez
United States Attorney
John F. Rudy, III
Assistant United States Attorney
400 N. Tampa Street
Suite 3200
Tampa, Florida 33602

Christopher G. Harris, Regional Chief Counsel
John C. Stoner, Deputy Regional Chief Counsel

Beverly E. Williams, Branch Chief
Rylan L. Smith, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel, Region IV
Atlanta Federal Center
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303

The Honorable William H. Greer
U.S. Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Office
Building 400, Suite 400
8880 Freedom Crossing
Jacksonville, Florida 32256-1224